**No. 13-14008**

# In the United States Court of Appeals for the Eleventh Circuit

_____

GULF COAST COLLECTION BUREAU, INC.,
*Defendant-Appellant*,

v.

MARK S. MAIS, on behalf of himself and all others similarly situated,
*Plaintiff-Appellee.*

_____

On Interlocutory Appeal from the
United States District Court for the Southern District of Florida

_____

## APPELLEE'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE FEDERAL COMMUNICATION COMMISSION'S AMICUS BRIEF

_____

Donald A. Yarbrough
P.O. Box 11842
Fort Lauderdale, FL 33339
(954) 537-2000

O. Randolph Bragg
HORWITZ, HORWITZ &
ASSOCIATES
25 E. Washington Street
Chicago, IL 60602
(312) 372-8822

Deepak Gupta
Jonathan E. Taylor
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Washington, DC 20036
(202) 470-3826

*Counsel for Plaintiff-Appellee*

March 26, 2014

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, I hereby certify that the certificates of interested persons contained in the previous briefs filed in this case are complete.

*/s/ Deepak Gupta*
Deepak Gupta

## TABLE OF CONTENTS

Certificate of Interested Persons ................................................................................. i

Table of Citations ..................................................................................................... iii

Appellee's Supplemental Brief in Response to the Federal Communication
Commission's Amicus Brief ..................................................................................... 1

Conclusion ................................................................................................................ 5

# TABLE OF CITATIONS

**Cases**

*Bowen v. Georgetown University Hospital*,
    488 U.S. 204 (1988) ............................................................................... 4

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
    467 U.S. 837 (1984) ............................................................................... 2

*Nack v. Walburg*,
    715 F.3d 680 (8th Cir. 2013) ................................................................. 2

**Statute**

47 U.S.C. § 405(a) ........................................................................................ 3

**Rules and Regulations**

\* *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    23 FCC Rcd. 559 (2008) ....................................................................... 1

\* *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    27 FCC Rcd. 1830 (2012) ................................................................. 1, 2

**Other Sources**

Patrick Clark, *How a Fax Could Cost a Minnesota Business Owner $48 Million*,
    Businessweek, Jan. 7, 2014, http://www.businessweek.com/articles/
    2014-01-07/how-a-fax-could-cost-a-minnesota-business-owner-48-million ....... 5

Mary Pat Dwyer, *Petition of the day*, SCOTUSblog, Mar. 20, 2014,
    http://www.scotusblog.com/2014/03/petition-of-the-day-573/ ...................... 4

## APPELLEE'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE FEDERAL COMMUNICATION COMMISSION'S AMICUS BRIEF

This appeal turns on whether Gulf Coast Collection Bureau placed automated calls to Mark Mais's cell phone without obtaining the "express consent" required by the Telephone Consumer Protection Act. Gulf Coast contends that it had the necessary consent based on two rules of the Federal Communications Commission (FCC), neither of which applies here. The first creates a special exemption from the express-consent requirement for healthcare-related calls, but only for "residential" numbers—not for cell-phone numbers. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1852 (2012). The second allows express consent to be "deemed" granted, but only when a consumer provides his phone number "to a creditor"—not to someone else. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564-65 (2008). As we explained in our opening brief, because Mais gave his *cell-phone* number to a *hospital* (which Gulf Coast admits is not the creditor here), neither rule governs. So Gulf Coast must show that it obtained "express consent" under the ordinary meaning of that statutory phrase.

**1.** The FCC's amicus brief does not present a different view. Although it is styled as a brief in support of Gulf Coast, the FCC's brief expresses no disagreement with our core position on appeal: that the district court correctly held that the two FCC rules, by their own terms, do not apply here. The agency's brief

1

makes clear at the outset that it "does not address" the meaning of those rules or their applicability to this case. FCC Br. 2 n.1, 10 n.6. Nor does the brief disavow the FCC's recent interpretation of "express consent" as requiring "clear and conspicuous disclosure" that a consumer will receive automated calls and that the consumer "agree[] unambiguously to receive such calls," 27 FCC Rcd. at 1843-44—a standard that Gulf Coast cannot possibly meet here.

Rather than address these dispositive issues, the FCC devotes its entire brief to a hypothetical one: whether the district court had jurisdiction under the Hobbs Act to conclude, in the course of adjudicating the parties' claims and defenses, that an FCC rule would not be entitled to deference *if it applied*. But again, the rule does *not* apply here, and the district court undoubtedly had jurisdiction to conclude as much. The FCC does not contend otherwise. (Nor, for that matter, does Gulf Coast. Its reply brief offers no intelligible reason why this Court should disregard the FCC's express limitations on its own rules. That is fatal to its bid to establish "express consent.")

Nevertheless, the FCC inexplicably insists that this Court reach the Hobbs Act question *even though* the agency's rule does not apply. To leave that portion of the district court's opinion in place, the FCC says, "would be wholly inappropriate." FCC Br. 19. But this Court does not sit to scrutinize a district court's every word. It "reviews judgments, not opinions." *Chevron, U.S.A., Inc. v.*

2

*Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). And when a judgment can be affirmed on one ground, as it can be here, this Court need go no further. The alternative—reaching out to decide a tricky jurisdictional issue simply because an agency disagrees with one aspect of a district court's opinion—has little to recommend it.

**2.** Even assuming that the Hobbs Act issue were necessary to decide this appeal, the FCC's brief hasn't done much to enlighten the debate. For starters, the FCC has no delegated authority from Congress to interpret the Hobbs Act, and the issue doesn't turn on technical expertise or industry experience, so the agency's interpretation is entitled to no deference. More importantly, the FCC's brief (like Gulf Coast's reply) does not even bother to address *any* of the fundamental problems with its expansive interpretation of the Act, which we posed in a series of questions on pages 31-33 of our principal brief. That silence is telling.

To take up just one: What happens when a party cannot bring a Hobbs Act challenge because, through no fault of its own, the 60-day period for direct review has expired? The FCC says (at 16 n.8) that the party "can petition the FCC for a new rulemaking proceeding." But that is cold comfort indeed; on that view, a court would be forced to apply the regulation to the case—even if the regulation were illegal. The subsequent petition for rulemaking suggested by the FCC, even if ultimately successful, would at best provide *prospective* relief, meaning that the party

3

would be deprived of any retrospective relief from the agency's illegal rule. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[A] statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms"). So imagine a case in which a defendant is faced with millions of dollars of liability for violating an FCC rule. Does the court have no choice but to hold the defendant liable—even if firmly convinced that the rule is illegal—where a subsequent rulemaking could clearly do nothing to undo the damage? That interpretation raises troubling due-process and separation-of-powers concerns. And as we noted in our principal brief (at 31-32), there are good reasons to believe that the interpretation is at odds with the text of the Hobbs Act itself.

This is no far-fetched, academic scenario. These same concerns were raised in a recent defense-side petition for certiorari to the Supreme Court. *See Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013), *pet. for cert.*, No. 13-486 (2013). Although the petition was denied, it had the support of amicus briefs from the National Federation of Independent Business, the Cato Institute, and professors of federal procedure and administrative law. *See* Mary Pat Dwyer, *Petition of the day*, SCOTUSblog, Mar. 20, 2014, http://www.scotusblog.com/2014/03/petition-of-the-day-573/. And it prompted coverage from several media outlets—virtually all of it critical of the Eighth Circuit's decision to impose millions of dollars of liability

on a small firm, solely on the basis of an apparently illegal FCC regulation. *See*, *e.g.*, Patrick Clark, *How a Fax Could Cost a Minnesota Business Owner $48 Million*, Bloomberg Businessweek, Jan. 7, 2014, http://www.businessweek.com/articles/2014-01-07/how-a-fax-could-cost-a-minnesota-business-owner-48-million.

The FCC does not even attempt to grapple with any of these concerns. Fortunately, because there is a clear path to reversal that goes nowhere near this jurisdictional briar patch, this Court need not do so either.

## CONCLUSION

The district court's judgment should be affirmed.

Respectfully submitted,

*/s/ Deepak Gupta*
Deepak Gupta
Jonathan E. Taylor
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Washington, DC 20036
(202) 470-3826

Donald A. Yarbrough
P.O. Box 11842
Fort Lauderdale, FL 33339
(954) 537-2000

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 E. Washington Street
Chicago, IL 60602
(312) 372-8822

March 26, 2014    *Counsel for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2014, I electronically filed the foregoing supplemental brief with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated:  March 26, 2014                              */s/ Deepak Gupta*
                                                    Deepak Gupta

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the Court's order of March 13, 2014, because it contains 1,106 words (in 14-point Baskerville type) excluding the items that may be excluded under Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.


Dated:  March 26, 2014                              */s/ Deepak Gupta*
                                                    Deepak Gupta